In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00040-CR
______________________________


GERALD HOWE, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 99-F-297-102


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â A jury found Gerald Howe guilty of aggravated kidnapping of a two-year-old girl and
assessed punishment at ninety-nine years' imprisonment.


 See Tex. Pen. Code Ann.Â Â§Â 20.04(a)(3),
(4) (Vernon 2003). Howe perfected appeal to this Court and raises two points of error.


 We overrule
both points of error and affirm the trial court's judgment.
Jury Instruction
Â Â Â Â Â Â Â Â Â Â Â Â In his first point of error, Howe argues the trial court erred by denying his request for a jury
instruction on the voluntariness of his alleged confession. After his arrest, Howe made a written
confession to law enforcement officers. Howe admitted taking the victim from her front yard,
secreting her in some nearby woods, and later masturbating while he used his fingers and tongue to
touch the victim's vagina. Before the jury trial, the trial court overruled Howe's motion to suppress
his written confession.


 Later during trial, Howe asked the trial court to charge the jury that it must
disregard the evidence regarding Howe's confession to having kidnapped the victim the jury found,
beyond a reasonable doubt, the confession was lawfully obtained. The trial court denied Howe's
request.
Â Â Â Â Â Â Â Â Â Â Â Â "The trial court must instruct the jury to disregard illegally obtained evidence if the defendant
raises a fact issue concerning the manner in which the evidence was obtained and requests the
instruction." Mendoza v. State, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). That evidence can be
strong, weak, contradicted, or even unbelievable. Id. Any evidence obtained by police in violation
of the defendant's constitutional rights may not be admitted. Tex. Code Crim. Proc. Ann. art.
38.23(a) (Vernon Supp. 2004).
Â Â Â Â Â Â Â Â Â Â Â Â "A trial court is required to include a properly worded Article 38.23 instruction in the jury
charge only if there is a factual dispute as to how the evidence was obtained." Thomas v. State, 723
S.W.2d 696, 707 (Tex. Crim. App. 1986), cited favorably in, Brownlee v. State, 944 S.W.2d 463,
467 (Tex. App.âHouston [14th Dist.] 1997, pet. ref'd). In Thomas, the defendant never
controverted facts surrounding his breath test refusal. The Texas Court of Criminal Appeals
concluded no Article 38.23 instruction was required because there was no factual dispute as to how
the evidence was obtained. Thomas, 723 S.W.2d at 707.
Â Â Â Â Â Â Â Â Â Â Â Â During the jury trial of the case now before us, Detective Steve Shelley testified that, before
interviewing Howe, Shelley stated to Howe that he could possibly get the death penalty. On appeal,
Howe concedes he did not testify about the effect the threat of the death penalty had on the
voluntariness of his confession, nor was there any such evidence from another witness. Nonetheless,
Howe contends he raised a fact issue "as to compulsion or persuasion in obtaining a statement from
[Howe]" through Shelley's testimony. 
Â Â Â Â Â Â Â Â Â Â Â Â Shelley testified that he properly advised Howe of his Miranda


 rights; that Howe appeared
to understand his rights; that Howe freely and voluntarily gave the confession; and that Federal
Bureau of Investigation agent Carl Malloy was present at all times when the statement was taken.
Â Â Â Â Â Â Â Â Â Â Â Â Though Shelley told Howe the range of punishment might include the death penalty, there
was no evidence before the jury to contradict Shelley's claim that Howe's statement was voluntarily
given. There were no inconsistencies in Shelley's testimony as to how the confession was obtained,
and there is no contradictory evidence from any source regarding the voluntariness of Howe's written
statement. Cf. Villareal v. State, 116 S.W.3d 74, 83â84 (Tex. App.âHouston [14th Dist.] 2001, no
pet.) (appellant did not refer court to evidence in record raising factual dispute as to how evidence
was obtained and pointed to no inconsistencies in testimony). In this case, there was no factual
dispute as to how the evidence was obtained. The trial court therefore had no duty to give an Article
38.23 instruction. We overrule Howe's first point of error.
Prejudicial Evidence
Â Â Â Â Â Â Â Â Â Â Â Â In his second point of error, Howe claims the trial court erred by admitting the testimony of
Denise Bailey. Bailey testified Howe came into her store in the evening hours before the kidnapping
and asked to buy a condom. Howe objected to the testimony based on relevance. The trial court
overruled the objection and admitted the testimony. On appeal, Howe contends this evidence was
irrelevant because it "was introduced only to demonize the defendant." 
Â Â Â Â Â Â Â Â Â Â Â Â We review a trial court's decision to admit or exclude evidence for abuse of discretion. 
Glover v. State, 102 S.W.3d 754, 763 (Tex. App.âTexarkana 2002, pet. ref'd). "Relevant evidence"
is evidence "having any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be without the evidence." 
Tex. R. Evid. 401. We may not reverse a trial court's decision to admit or exclude evidence unless
the trial court's decision is outside the "zone of reasonable disagreement." Glover, 102 S.W.3d at
763.
Â Â Â Â Â Â Â Â Â Â Â Â The indictment charged Howe with abducting the victim with the intent to facilitate the
commission of an aggravated sexual assault or to violate the victim sexually. See also Tex. Pen.
Code Ann. Â§Â 20.04(a)(3), (4). Howe admitted sexually assaulting the victim during the kidnapping. 
In its brief to this Court, the State correctly points out that Howe's theory of the case was that,
because the State could not prove Howe intended to sexually assault the victim at the time he
kidnapped her, the jury should find Howe "not guilty." Thus, whether Howe had intended to
sexually assault the victim was relevant to the case.
Â Â Â Â Â Â Â Â Â Â Â Â According to Howe's statement, he had seen the victim and one of her friends as Howe rode
his bicycle near the victim's house on the day before the kidnapping. That night he bought a
condom. The next morning he woke up and, according to his confession, began thinking about the
victim and her friend. 
Â Â Â Â Â Â Â Â Â Â Â Â The trial court's decision to admit the evidence about Howe purchasing a condom the night
before the kidnapping was within the zone of reasonable disagreement. The evidence about Howe's
condom purchase tended to make the existence of a material factâthat Howe had planned to
sexually assault the victim during the kidnappingâmore probable than it would be without the
evidence. Accordingly, the trial court did not err by denying Howe's relevancy objection. We
overrule Howe's second point of error.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â March 12, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 16, 2004

Do Not Publish



er-ideograph;
 mso-pagination:widow-orphan;
 tab-stops:center 3.25in right 6.5in;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:none;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-bidi-font-family:Tahoma;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-name:"No Spacing\,Quotation";
 mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin-top:0in;
 margin-right:.5in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoNoSpacingCxSpFirst, li.MsoNoSpacingCxSpFirst, div.MsoNoSpacingCxSpFirst
 {mso-style-name:"No Spacing\,QuotationCxSpFirst";
 mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:.5in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoNoSpacingCxSpMiddle, li.MsoNoSpacingCxSpMiddle, div.MsoNoSpacingCxSpMiddle
 {mso-style-name:"No Spacing\,QuotationCxSpMiddle";
 mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:.5in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
p.MsoNoSpacingCxSpLast, li.MsoNoSpacingCxSpLast, div.MsoNoSpacingCxSpLast
 {mso-style-name:"No Spacing\,QuotationCxSpLast";
 mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:.5in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 text-align:justify;
 text-justify:inter-ideograph;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:"Times New Roman";
 mso-fareast-theme-font:minor-fareast;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-page-border-surround-header:no;
 mso-page-border-surround-footer:no;
 mso-footnote-separator:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") fs;
 mso-footnote-continuation-separator:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") fcs;
 mso-endnote-separator:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") es;
 mso-endnote-continuation-separator:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:1.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") f1;
 mso-first-header:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
@page WordSection2
 {size:8.5in 11.0in;
 margin:2.0in 1.0in 1.0in 1.0in;
 mso-header-margin:2.0in;
 mso-footer-margin:1.0in;
 mso-even-header:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") eh1;
 mso-header:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") h1;
 mso-even-footer:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") ef1;
 mso-footer:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") f2;
 mso-first-header:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") fh1;
 mso-first-footer:url("6-11-037-CR%20Hendricks%20v.%20State%20Opinion%20mtd_files/header.htm") ff1;
 mso-paper-source:0;}
div.WordSection2
 {page:WordSection2;}
-->











 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00037-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  EDWIN JEFFREY HENDRICKS,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 354th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hunt County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 26081

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Edwin Jeffrey
Hendricks was charged in a two-count indictment with aggravated sexual assault
of a child and indecency with a child by contact.Â  A Hunt County jury found Hendricks guilty of
both counts.Â  The trial court sentenced
Hendricks to concurrent sentences of thirty-five yearsÂ imprisonment for the
aggravated sexual assault and ten years for the second degree offense of
indecency with a child.Â  HendricksÂ
appeal argues his double jeopardy right was violated, insufficiency of
evidence, and improper argument of the prosecutor.Â  We reverse the judgment for indecency with a
child and modify the judgment to delete that offense; otherwise we affirm the
judgment of the trial court. 

I.Â Â Â Â Â Â Â Â Â  Facts 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Six-year-old
Mary Bennett[1] testified that
a man touched her private; she told the jury the man put his finger in her
private under her clothes.Â  Mary only
described this single incident of touching.Â 
A neighbor, Crystal Hurst, testified that when she took Mary to the
restroom at a store, the child cried out in pain when she went to the
bathroom.Â  Mary then said she did not
want to go to her home because there was a Âbad manÂ there who Âtouches kidsÂ;
Mary told Hurst that ÂEddieÂ touched Mary where she went Âpee-pee.ÂÂ Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Although Mary
told Hurst she had told her parents about the touching incident, MaryÂs mother,
Laurie Emerson, said she knew nothing about the touching until told by
Hurst.Â  Emerson described the evening of
August 2, 2009, when Hendricks was at the home of Emerson and her boyfriend,
along with Mary and several other children, with Hendricks using EmersonÂs
computer.Â  When Mary finally told Emerson
about the assault, she told her a man named ÂRowdyÂ had done it; but she also
said it was the man ÂDaddy beat up,Â referring to a fight that happened August
3 between Hendricks and EmersonÂs live-in boyfriend.Â Â  

II.Â Â Â Â Â Â Â  Double Jeopardy 

Â 

Â Â Â Â Â Â Â Â Â Â Â  HendricksÂ
first point of error complains he was subjected to double jeopardy when he was
punished for two crimes which really only consisted of one criminal act.Â  MaryÂs testimony describes only a single
assaultive act:Â  that Hendricks touched
her private by putting his finger inside her private.Â  The State agrees this testimony describes
only one criminal act and concedes that a violation of the double jeopardy
guarantee was violated.Â  

Â Â Â Â Â Â Â Â Â Â Â  Hendricks
argues two convictions based on a single act violates the protection against
double jeopardy.[2]Â  In support, he cites Patterson v. State, 96 S.W.3d 427 (Tex. App.ÂAustin), affÂd, 152 S.W.3d 88 (Tex. Crim. App.
2004).Â Â  Although the Austin courtÂs
decision was based on double jeopardy grounds, the Texas Court of Criminal
Appeals affirmed the appellate court decision relying on statutory construction
grounds:Â  

The offenses enumerated by the legislature cover
a range of deviant sexual conduct, beginning with exposure and continuing
though [sic] sexual contact to penetration Â and including incest and child
prostitution. Â The scheme encompasses
escalation of abuse; no matter where in the rangeÂ the perpetrator stops,
the offense is complete at that point. Â That
is not to say that every offense in the range can in all cases be prosecuted as
a separate offense. Â While it is clear
from the plain language of the various statutes that the legislature intended
harsh penalties for sexual abuse of children, there is nothing in the language
to suggest that it intended to authorize Âstop-actionÂ prosecution. Â Just as a conviction for a completed offense
bars prosecution for an attempt to commit the same offense, a conviction for an
offense set out in Â§ 3.03 bars conviction for conduct that, on the facts of the
case, is demonstrably part of the commission of the greater offense. Â For example, indecency by genital exposure of
oneself in the course of manual penetration of another are separate offenses,
while penile contact with mouth, genitals, or anus in the course of penile
penetration will be subsumed. Â Thus,
indecency by exposure may or may not be a part of sexual assault or indecency
by contact, depending on the facts of the case.

Â 

Patterson,
152 S.W.3d at 91Â92 (citing Tex. Penal
Code Ann. Â§ 3.03 (West 2011) (footnote omitted)).Â  Patterson was indicted for five
offenses:Â  two different acts of sexual
assault; two acts of indecency by contact; and one act of indecency by
exposure.Â  See Tex. Penal Code Ann.
Â§Â§ 21.11, 22.021 (West 2011).Â Â  The
testimony established Patterson twice assaulted the child victim over a short
period of time.Â  The Texas Court of
Criminal Appeals affirmed the Austin Court of Appeals, which affirmed the two
sexual assault convictions and one attempted indecency by contact, but reversed
one indecency by contact and the indecency by exposure allegation.Â Â  Patterson,
152 S.W.3d at 92.Â  The court of appeals Âcorrectly
found that penetration required contact and reversed [the conviction for
indecency by contact]. Â . . . The record
. . . does not show an occasion during the assaults when the exposure was a
separate offense.Â  Under the facts of
these incidents, exposure was incident to and subsumed by the aggravated sexual
assault.ÂÂ  Id.Â Â  

Â Â Â Â Â Â Â Â Â Â Â  This
Court, in a factually similar matter, found a violation of the double jeopardy
clause and reformed the judgment.Â  Belt v. State, 227 S.W.3d 339, 345 (Tex.
App.ÂTexarkana 2007, no pet.).Â  The State
agrees that the conviction for indecency, under the evidence of the case,
cannot be maintained along with the greater conviction for aggravated sexual
assault of a child. Â The remedy here is
to reverse the conviction for lesser charge of indecency with a child.Â Â  We sustain HendricksÂ first point of error
and reverse the conviction for indecency with a child.

III.Â Â Â Â Â Â  Sufficiency of the EvidenceÂDate Alleged
in Indictment

Â 

Â Â Â Â Â Â Â Â Â Â Â  Hendricks
alleges that an attempted amendment of the indictment was invalid and the
evidence was insufficient to prove the date of the occurrence as described in
the original indictment.Â  We must first
determine whether the attempted amendment was effective. 

Â Â Â Â Â Â Â Â Â Â Â  The original
indictment alleged the offense occurred on or about August 17, 2009.Â  About three weeks before trial, the State
moved to amend the indictment, to allege the offense occurred on August 2,
2009.[3]Â  No physical alteration to the indictment was
made, and no photocopy with agreed changes was made part of the record.Â  See
Puente v. State, 320 S.W.3d 352, 357Â58
(Tex. Crim. App. 2010) (although trial court approved partiesÂ agreement to
amend indictment, where no physical changes to indictment were made, and no
amended photocopy, just handwritten changes to defendantÂs judicial confession,
such did not amount to an amendment of indictment); Riney v. State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (neither
motion to amend indictment nor trial courtÂs granting of that motion comprises
amendment to indictment; motion and granting of motion simply are authorization
of eventual amendment).Â  

Â Â Â Â Â Â Â Â Â Â Â  Amendment
of a grand jury indictment has been addressed several times by the Texas Court
of Criminal Appeals.Â  Puente, 320 S.W.3d at 357Â58; Riney, 28 S.W.3d at 566; Ward v. State, 829 S.W.3d 787 (Tex. Crim.
App. 1992).Â Â  While it is no longer
required that the original indictment be interlineated, the authorities require
that amendments be written documents filed in the record.Â  Here, one might think an amendment was
accomplished.Â  The State filed a written
motion asking to amend the date of the alleged criminal act; defense counsel
announced in open court that the defendant had no objection to the amendment;
finally, the trial judge stated, ÂThe indictment then is amended by agreement.ÂÂ  But no written document was filed in the
record memorializing the trial courtÂs ruling.Â 
While there may be other ways to amend an indictment, our present law
requires that the amendment be memorialized in a written document.Â  Head v.
State, 299 S.W.3d 414, 438 (Tex. App.ÂHouston [14th Dist.] 2009, pet. refÂd)
(summarizing cases requiring written document).Â 
Based on the record before us, Hendricks is correct:Â  the indictment was not amended.Â  Therefore, the original indictment remained
as the effective indictment.Â  

Â Â Â Â Â Â Â Â Â Â Â  Â Hendricks next argues that the evidence is
insufficient to prove Hendricks Âguilty of an act committed on August 17, 2009,
when the proof, at best showed the alleged act was committed on August 2, 2009.Â


Â Â Â Â Â Â Â Â Â Â Â  The State is
not required to allege a specific date in an indictment. Â Sledge
v. State, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997) (citing Mitchell v. State, 330 S.W.2d 459, 462 (Tex.
1959)).Â Â  The Âon or aboutÂ language is
sufficient, so long as the act occurred before the date of the presentation of
the indictment, but within the relevant limitations period. Â Id.
at 256; Thomas v. State, 753 S.W.2d
688, 693 (Tex. Crim. App. 1988).Â  Even if
the indictment was not properly amended, the original indictment alleged an
offense date of August 17, 2009; the indictment was file-marked October 23,
2009.Â  Mary was six years old at the time
of trial.Â  MaryÂs mother described events
occurring on August 2, 2009, which suggests MaryÂs allegation occurred on that
date.Â  The record establishes the charged
offense occurred before the presentment of the indictment and within the
limitations period.Â Â  See generally Tex. Code Crim. Proc. Ann. art. 12.06 (West 2005); art. 12.01
(West Supp. 2010) (presentment of indictment; statute of limitations).Â  There was sufficient evidence to prove the
indictmentÂs allegation.Â  Here, only one
act was charged; since the State was not required to prove a particular date of
the offense, the hypothetically correct jury charge would instruct the jury the
State could prove that the charged offense was committed before, on, or after
the date alleged in the indictment so long as the date was before the date of
the indictment and within the applicable limitations period.Â  Ketchum
v. State, 199 S.W.3d 581, 589 (Tex. App.ÂCorpus Christi 2006, pet. refÂd) (citing
Mireless v. State, 901 S.W.2d 458, 459
(Tex. Crim. App. 1995)).Â  The evidence
sufficiently provided such proof.Â  Here,
the jury charge required the State to prove all essential elements; analyzed in
the construct of the hypothetically correct jury charge, the charge was not
erroneous.Â  Since the jury charge was not
erroneous, to the extent that Hendricks claims jury charge error, we overrule
that point.[4] 

IV.Â Â Â Â Â Â  Jury Argument

Â 

Â Â Â Â Â Â Â Â Â Â Â  In his
third point of error, Hendricks complains of the following statement made by
the prosecutor during closing argument:

So this isÂ 
- -Â  I just tell you, thereÂs no
doubt in this case that the child was sexually assaulted.Â  None of the - - . . . .

Â 

Hendricks objected that the prosecutor was
presenting his opinion to the jury; the trial court overruled the objection. 

Â Â Â Â Â Â Â Â Â Â Â  Permissible jury argument
falls into one of four areas: Â (1)
summation of the evidence; (2)Â reasonable deduction from the evidence; (3)
an answer to the argument of opposing counsel; or (4) a plea for law
enforcement. Â Cannady v. State, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000).Â  Immediately before the statements of which
Hendricks complains, the State discussed the consistency in what Mary had told
her neighbor Hurst and what she told her parents and how Hendricks became a
suspect and was charged.Â  The prosecutor
reminded the jury that Mary had been subjected to a sexual assault examination,
and Â[t]his is not something you make up to have a sexual assault examination
of a five-year-old little girl.ÂÂ  Leading
into the complained-of argument, the prosecutor discussed the counseling Mary
had received:

She was in counseling for almost a year, since last
August, counseling about this event, and the sexual assault committed upon
her.Â  So this is - - I just tell you,
thereÂs no doubt in this case that the child was sexually assaulted.Â  None of the - - 

Â 

At this point, Hendricks objected.Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  When
viewed in the context of the StateÂs full argument, we find the State was summarizing
the evidence and making reasonable deductions from the evidence.Â Â  One purpose of final statements is to allow
advocates an opportunity to summarize the testimony heard by the jury and to
attempt to persuade the jury that the evidence leads to certain reasonable
deductions.Â  As the trial court
instructed the jury, ÂHe can argue what he believes the evidence is or isnÂt.Â  ItÂs up to you to decide that issue.ÂÂ  Lawyers are permitted to express reasonable
deductions so long as they are based on the evidence in the record and do not
constitute unsworn testimony.Â  Penry v. State, 903 S.W.2d 715, 756
(Tex. Crim. App. 1995) (per curiam).Â  We
can find nothing in the StateÂs argument expressing anything more than a
summary of and deduction from the evidence, or at most, an opinion based on the
evidence.Â  See Thieu Quang Bui v. State,
964 S.W.2d 335, 345 (Tex. App.ÂTexarkana 1998, pet. refÂd) (although prosecutor
expressed his opinion defendant was dangerous, opinion was based on
evidence).Â  The trial court did not err
in overruling HendricksÂ objection.Â  We
overrule the third point of error. 

Â Â Â Â Â Â Â Â Â Â Â  We
reverse the conviction for indecency with a child and modify the judgment to
delete that offense.Â  In all other
respects, we affirm the judgment of the trial court. 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  August
8, 2011Â Â Â Â Â Â Â Â Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  August
18, 2011

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â  Â 

Â 

Â 

Â 











[1]A
pseudonym for the child victim used in the StateÂs indictment.Â  





[2]See U.S. Const. amend. V; Tex.
Const. art. I, Â§ 14.Â  





[3]MaryÂs
mother testified that events surrounding MaryÂs description of the assault
occurred on August 2, 2009.Â  





[4]Hendricks
also incorrectly cites his burden, had charge error occurred.Â  Hendricks claims he objected to the jury
charge and thus would only have to establish some harm.Â  Abdnor
v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994).Â  The record shows Hendricks specifically said
he had no objection to the trial courtÂs charge.Â  Were error present, in the absence of a
proper objection, Hendricks would have to demonstrate egregious harm.Â  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on rehÂg).