Pioquinto MENDOZA, III, Appellant,

v.

The STATE of Texas.

No. 1938–01.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 23, 2002.

Fernando Sanchez, Laredo, for appellant.

Andres A. Ramos, Assist. DA, Laredo, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

JOHNSON, J., delivered the opinion of the court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

Appellant, charged with murder, signed a written confession. He later filed a motion to suppress the confession, claiming that it was involuntary. The trial court denied the motion. At the close of the guilt/innocence phase of trial, appellant presented to the trial court a proposed jury instruction comprised of four paragraphs intended to advise the jury: 1) of the general law on voluntariness;[1] 2) to disregard the confession if they believed, or had a reasonable doubt that appellant had not been given Miranda warnings or had not knowingly, intelligently, and voluntarily waived those rights;[2] 3) to disregard the confession if they believed, or had a reasonable doubt that the investigators had induced it by telling appellant that the confession could be used "for" him;[3] and 4) to disregard the confession if they believed, or had a reasonable doubt that appellant had been threatened, coerced, or

1. You are instructed that unless you believe from the evidence beyond a reasonable doubt that the alleged confession or statement introduced into evidence was freely and voluntarily made by the defendant without compulsion or persuasion, or if you have a reasonable doubt thereof, you shall not consider such alleged statement or confession for any purpose nor any evidence obtained as a result thereof.

   You are further instructed that under our law a confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible in evidence if it appears that the same was freely and voluntarily made, without compulsion or persuasion, provided however, that it be in writing and signed by the accused, and show that the accused has been warned prior to making such statement or confession, by the person to whom the same is made that (1) he has the right to remain silent and not to make any statement at all and that any statement he makes may be used as evidence against him at his trial; (2) any statement he makes may be used as evidence [against] him in court;(3) he has a right to have a lawyer present to advise him prior to and during any questioning;(4) he may have his own lawyer, or, if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and (5) he has the right to terminate the interview or questioning any time.

2. So, in this case, if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the time the defendant gave the alleged statement or confession to Doyle Holdridge, Texas Ranger, if he did give it, the said Doyle Holdridge, Texas Ranger, did not warn the defendant in the respects just outlined, or as to any one of the such requirements just outlined, then you will wholly disregard the alleged statement or confession and not consider it for any purpose nor any evidence obtained as a result thereof. If, however, you find beyond a reasonable doubt the aforementioned warning was given to the defendant prior to his having made such a statement, if he did make it, still, before you may consider such statement as evidence in this case, you must find from the evidence beyond a reasonable doubt that prior to and during such statement, if any, the defendant knowingly, intelligently and voluntarily waived the rights hereinabove set out in the said warning, and unless you so find, or if you have a reasonable doubt thereof, you will not consider the statement or confession for any purpose whatsoever or any evidence obtained as a result of same.

3. You are further instructed that if you find from the evidence, or if you have a reasonable doubt thereof, that Investigator Louie Zapata told defendant before he made the confession or statement, if any, that it could be used for him, and that such a statement by Investigator Louie Zapata was an inducement to defendant to make and sign said confession, then you will wholly disregard said confession and you will not consider it as evidence or for any purpose nor consider any evidence obtained as a result thereof.

put under duress by an officer.[4]

The state objected that paragraphs two through four impermissibly commented on the weight of the evidence. The trial court included in the jury charge the first paragraph, which stated the general law of voluntariness, but excluded the remaining three paragraphs. Appellant objected.

In examining the three excluded paragraphs, the Fourth Court of Appeals noted that the issues had been contested at trial and that evidence in support of appellant's contentions was presented. The court of appeals then held that a general jury instruction regarding the voluntariness of the confession was all that the Texas Code of Criminal Procedure art. 38.22, § 7, requires. *Mendoza, III, v. State,* 61 S.W.3d 498, 505 (Tex.App.-San Antonio 2001). It upheld the trial court's ruling, stating that the three fact-specific paragraphs in the proposed instruction went beyond a general instruction on the law of voluntariness and amounted to a comment on the weight of the evidence. The court held that there is no showing of harm when a proper instruction is given and an improper instruction is rejected. We granted review to determine whether the court of appeals erred in holding that the trial court properly refused requested paragraphs two through four, given that these issues were controverted at trial.

In support of the second proposed paragraph, addressing whether appellant received and subsequently waived proper *Miranda* warnings, appellant asserts that he requested an attorney, but that the officers involved refused his request. He testified at trial that the officers who took him into custody ignored his repeated requests for an attorney and cursed at him when he made those requests. Both appellant and an officer who was present during the arrest testified that appellant was left handcuffed in a police car for approximately forty minutes when the temperature exceeded 100 degrees. Finally, the officer who took appellant's statement admitted that he had also taken the statement of another suspect in this case without informing her of her right to an attorney.

In support of the third proposed paragraph, on the issue of appellant being told that his confession could be used "for" him, appellant testified that an assistant district attorney who was present during his confession told him that, if he gave the confession, she would request a reduced sentence and that she would ensure that he was not prosecuted for capital murder. Appellant also testified that an officer told him that, if he confessed, it would help his case. Finally, appellant cross-examined one of the officers who took his confession on the allegation that the officer had told him that, if he confessed, he would have to serve only a 25-year sentence. The officer stated that he did not remember making

4. You are further instructed that under our law a confession of a defendant made while the defendant was in jail or other place if confinement or in the custody of an officer shall be admissible in evidence if it appears that the same was freely and voluntarily made without compulsion or persuasion. So, in this case, if you find from the evidence, or if you have a reasonable doubt thereof, that prior to the giving of the alleged confession of the defendant, if any, any officer threatened or in any manner coerced the defendant or used improper influence, or if any officer questioned him persistently over a long period of time without allowing him to contact an attorney or any other relative, and the defendant, through fear or under duress or under any other improper influence was thereby induced to sign said statement, then such statement would not be freely made and voluntary, and in such case, if you find the facts so to be, or if you have a reasonable doubt thereof, you will wholly disregard the alleged confession or statement and not consider it for any purpose nor any evidence obtained as a result thereof.

this specific statement, but that he was aware that similar agreements are frequently made by the district attorney's office.

The fourth proposed paragraph addressed alleged threats and coercion by police officers. Appellant testified that: the investigator who took his confession grabbed his pager from him and slammed it onto the table in front of him; officers continuously cursed at him; they told him he would be tried for capital murder and would face the death penalty; they slammed the car door in his face. He testified that he felt threatened and that the officers' behavior frightened him.

■ Generally, when evidence from any source raises a defensive issue and the defendant properly requests a jury charge on that issue, the trial court must submit the issue to the jury. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App.1993) citing *Moore v. State*, 574 S.W.2d 122, 124 (Tex.Crim.App.1978). The trial court must instruct the jury to disregard illegally obtained evidence if the defendant raises a fact issue concerning the manner in which the evidence was obtained and requests the instruction. *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App.1986). The evidence which raises the issue may be strong, weak, contradicted, unimpeached, or unbelievable. *Muniz*, 851 S.W.2d at 254, citing *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986). Further, art. 38.23(a) provides that in any case where a party raises an issue regarding whether evidence was obtained in violation of the laws of Texas or the United States, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained because of such a violation, then the jury shall disregard any such evidence. TEX.CODE CRIM. PROC. ANN. § 38.23(a) (2001). *See also, Miniel v.*

*State*, 831 S.W.2d 310, 316 (Tex.Crim.App. 1992).

■ When the evidence presented at trial raises a factual issue as to whether a defendant had been warned of his rights and voluntarily waived them prior to making a statement, he is entitled to an instruction on voluntariness of the confession. *Dinkins v. State*, 894 S.W.2d 330, 353–54 (Tex.Crim.App.1995). In such cases, it is proper to include in the jury charge a specific instruction informing the jury that, if it has a reasonable doubt as to whether a defendant knowingly, intelligently, and voluntarily waived his rights before giving a confession, it must disregard the confession and not consider it for any purpose. *Bell v. State*, 582 S.W.2d 800, 812 (Tex.Crim.App.1979).

In addition, under art. 38.21, "the statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion...." TEX.CODE CRIM. PROC. ANN. art. 38.21 (2001). Article 38.23(a) states that no evidence obtained by an officer in violation of any law of the State of Texas shall be admitted into evidence against the accused in the trial of a criminal case. In any case in which the evidence raises an issue regarding whether evidence was obtained in violation of the laws of Texas, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation thereof, then the jury shall disregard any such evidence. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (2001). The terms of art. 38.23(a) are mandatory. Therefore, when an issue of fact is raised as to compulsion or persuasion in obtaining a confession, a defendant has a statutory right to have the jury charged accordingly. Here, the demand of art. 38.21 triggered the mandatory requirements of art. 38.23(a).

All of the excluded instructions requested by appellant dealt with the voluntariness of his confession. Each dealt with a specific scenario in which appellant's confession may have been involuntary. The only issue before us, then, is whether appellant is entitled to separate instructions on each scenario.

The second and third proposed instructions in this case recited specific facts and called attention to a specific piece of evidence; this could constitute a comment on the weight of the evidence.[5] While there were disputed issues of fact affecting the legality, and therefore the admissibility, of appellant's confession, paragraph two of the first instruction requested by appellant correctly set out the required instructions as to the *Miranda* warnings, and paragraph one of the first instruction correctly set out the required instructions as to compulsion or persuasion. Those issues were therefore adequately addressed by the instruction on voluntariness. *Atkinson v. State,* 923 S.W.2d 21, 23 (Tex.Crim.App. 1996).

The fourth instruction was general in tone and may have provided guidance to a jury on the issue of voluntariness.[6] We leave to the discretion of the trial court the determination of whether, in a given case, the additional guidance is appropriate.

The trial judge must charge the jury "appropriately." Tex.Code Crim. Proc. Ann. § 38.22, § 7 (2001). What is "appropriate" is largely left to the discretion of the trial court, within the mandates of Tex.Code Crim. Proc. Ann. arts. 38.22 and 38.23 (2001). In this case, the trial court properly included appellant's requested instruction on voluntariness and excluded the fact-bound instructions in the second and third requested instructions. In its discretion, the trial court did not include the fourth requested paragraph. We find no error in such exclusion, even though in this case the requested instruction's language was general and the trial court would not have erred in including it. Accordingly, we affirm the judgment of the court of appeals.

KELLER, P.J., concurred in the result.

---

**5.** Tex. Code Crim. Proc. art. 36.14 (2001)(judge prohibited from "expressing any opinion as to the weight of the evidence, not summing up the testimony..."); *See e.g., Giesberg v. State,* 984 S.W.2d 245, 246 (Tex.Crim.App.1998)(appellant not entitled to instruction on defensive issue of alibi because the legislature has not made alibi a defense; instruction would be a comment on essential element of state's burden of proof.); *Caldwell v. State,* 818 S.W.2d 790, 799 (Tex.Crim.App.1991)(overruled on other grounds)(appellant not entitled to jury instruction commenting on reliability of expert's testimony.); *Mercado v. State,* 718 S.W.2d 291, 293 (Tex.Crim.App.1986)(by singling out one reasonable inference, the trial court improperly commented on the weight of the evidence.).

**6.** We note that the fourth paragraph repeated a substantial portion of the language used in the first requested instruction.