Affirmed and Memorandum Opinion 
filed August 26, 2003.
 
In The
 
Fourteenth 
Court of Appeals
_______________
 
NO. 14-02-01220-CR
_______________
 
JEREMY KIM GUTIERREZ, 
Appellant
 
V.
 
THE STATE OF TEXAS, 
Appellee
                                                                                                                                                

On Appeal from 185th District 
Court
Harris County, Texas
Trial Court Cause No. 911,351
            
                                                                                                                                    
 
M E M O R A N D U M   O P I N I O N
Appellant, Jeremy Gutierrez, was 
convicted of felony theft.  In this 
appeal, he contends the trial court erred by (1) admitting an 
accomplice=s videotaped statement; (2) admitting 
his own videotaped confession made after he requested counsel; (3) admitting his 
own videotaped confession because it was the product of undue influence; (4) 
failing to include an instruction in the jury charge about his request for 
counsel; and (5) failing to include an instruction in the jury charge about 
undue influence.  We affirm.  
 

FACTS
Appellant was employed as a 
pharmacist technician for the Methodist Hospital in Houston.  He had access to expensive drugs.  Appellant stole pharmaceutical drugs 
from Methodist Hospital pharmacy and sold them to Christopher Felan, formerly a pharmacy technician at M.D. Anderson 
Cancer Center.  Federal agents and 
Houston Police Department (HPD) officers convinced Felan to set up a drug transaction with appellant while 
wearing a wire to record their conversation.  During the transaction, appellant 
requested $7,500 for drugs that were in the trunk of his car.  The police arrested him 
immediately.  
After his arrest, officers took 
appellant into an interview room and informed him of his rights.  At the beginning of his videotaped 
statement, the officers again informed appellant of his rights.  They also informed him that he had a 
right to have a lawyer present to advise him prior to and during 
questioning.  Appellant then 
asked, ACan I have him present 
now?@  Officer J.H. Davis with HPD responded 
affirmatively, but told appellant that officers would terminate the interview, 
put him back in his cell, and not speak to him further.  Officer Davis then asked appellant if he 
wanted an attorney present, and he replied, ANo.@  Officers assured appellant that he could 
have an attorney present, but he stated that he would like to continue without 
one.  Appellant=s attorney arrived and entered the 
interrogation room toward the end of appellant=s videotaped statement.  Appellant conferred with his 
attorney.  Afterwards, the interview 
continued in the presence of appellant=s attorney. 
Appellant later testified that he 
continued to give his statement because he was told that Aif he cooperated and told the truth 
the judge would give him leniency.@  However, none of the officers present 
during the interrogation testified they offered any such inducement.  During the statement, appellant 
confessed his involvement in the thefts.  


In his pretrial motions to suppress, 
appellant contended his statement had been made after he requested counsel and 
was the product of undue influence.  
The trial court denied the motions to suppress.  
During trial, the State played Felan=s videotaped statement to the 
jury.  In the videotaped statement, 
Felan explained the theft transaction, inculpating 
appellant and himself.  Appellant 
objected on several grounds, including denial of the right to confrontation and 
hearsay.
FELAN=S STATEMENT
In appellant=s first issue, he contends the trial 
court erred in allowing Felan=s videotaped statement to be played 
to the jury.  He contends the video 
was hearsay and he was denied his Sixth Amendment right to confrontation because 
Felan was not present to testify.  In Felan=s video, he confesses that he stole 
drugs from the M.D. Anderson Cancer Center=s pharmacy and resold them.  He also implicates three other 
individuals, including appellant.  
Felan explains in the video that in their 
drug-stealing schemes, appellant would steal drugs from Methodist Hospital and 
Felan would buy them and then sell them to a third 
individual. 
Appellant argues that admission of 
Felan=s hearsay statement violates his 
right to confrontation.  Admission 
of hearsay implicates the Confrontation Clause because the defendant has no 
opportunity to confront the out-of-court declarant.  
Ohio v. Roberts, 448 U.S. 56, 63 
(1980).  AThe central concern of the 
Confrontation Clause is to ensure the reliability of the evidence against a 
criminal defendant by subjecting it to rigorous testing in the context of an 
adversary proceeding before the trier of 
fact.@  Maryland v. 
Craig, 497 U.S. 836, 845 (1990).  A hearsay statement may, nonetheless, be 
admitted in evidence if it bears sufficient indicia of reliability.  Guidry v. 
State, 9 S.W.3d 133, 149 (Tex. Crim. App. 
1999).  AA hearsay statement is per se 
reliable under the Confrontation Clause if it falls within a >firmly rooted= exception to the hearsay 
rule.@  Id. 


Felan=s videotaped confession is a 
statement against penal interest, which is an exception to the hearsay 
rule.  A statement against interest 
includes a statement which, at the time of its making, so far tended to subject 
the declarant to criminal liability that a reasonable 
person in the declarant=s position would not have made the 
statement unless believing it to be true.  
Tex. R. Evid. 803(24).  AA statement against penal interest is 
a >firmly rooted= exception.@  Guidry, 9 S.W.3d at 
150.  Accordingly, admission 
of Felan=s videotaped statement did not 
violate appellant=s Sixth Amendment rights.  
Nevertheless, appellant, relying on 
Lilly v. Virginia, 527 U.S. 116, 133-34 (1999) (plurality opinion), 
contends the videotaped statement did not fall within a Afirmly rooted@ exception because accomplice 
confessions are unreliable.  
However, an Aadmission against a co-defendant 
declarant=s interest can be admissible against 
the defendant so long as it is sufficiently against the declarant=s interest to be 
reliable.@  Dewberry v. 
State, 4 S.W.3d 735, 751 (Tex. Crim. App. 
1999).  In the present case, 
Felan explained the theft transactions in his 
statement.  Throughout the 
statement, Felan inculpated himself and three other 
men, never trying to shift the blame to appellant.  Because Felan=s statements implicated himself and 
appellant equally, they were sufficiently self‑inculpatory to be reliable statements against penal 
interest.  See 
Dewberry, 4 S.W.3d at 753.  

To be admissible, a statement against 
interest must also be sufficiently corroborated.  Tex. R. Evid. 
804(24).  
AThe corroboration must be 
sufficiently convincing to clearly indicate the trustworthiness of the 
statement.@  Dewberry, 4 
S.W.3d at 751.  A trial court 
should consider the following factors: (1) whether guilt of the declarant is inconsistent with guilt of the defendant, (2) 
whether the declarant was situated in such a manner 
that he might have committed the crime, (3) timing of the declaration, (4) 
spontaneity of the declaration, (5) the relationship of the parties, and (6) 
independent corroborative facts.  
Id.  The evidence at 
trial showed Felan=s guilt was not inconsistent with 
appellant=s guilt.  Felan was 
situated to help commit the thefts.  
Further, his statements were corroborated by the fact that he 
participated in a theft with appellant while wearing a wire.  Additionally, Felan aided in appellant=s arrest.  Because we find Felan=s statements reliable, and thus 
within a firmly rooted hearsay exception, and because corroborating 
circumstances indicate trustworthiness, the trial court did not err in admitting 
Felan=s videotaped statement.  Accordingly, we overrule 
appellant=s first point of 
error.
RIGHT TO 
COUNSEL
In appellant=s second point of error, he contends 
that he invoked his right to counsel by asking, ACan I have him present 
now?@  Thus, all statements made thereafter 
should have been excluded, and the trial court erred by denying his motion to 
suppress.  We review a ruling on a 
motion to suppress under the standards set forth in Guzman v. State, 
giving almost complete deference to a trial court=s determination of historical facts 
and viewing the evidence in the light most favorable to the trial 
court=s ruling.  955 S.W.2d 85, 87 
(Tex. Crim. App. 1997).  However, we review the trial 
court=s application of the law to the facts 
de novo.  Id. at 89.
A request for counsel must be 
Aunambiguous,@ meaning the suspect must 
Aarticulate his desire to have counsel 
present sufficiently clearly that a reasonable police officer in the 
circumstances would understand the statement to be a request for an 
attorney.@  Davis v. United 
States, 512 U.S. 452, 459 (1994).  In Davis, the Court concluded 
that the following statement by a suspect was an ambiguous articulation of a 
desire for counsel:  AMaybe I should talk to a 
lawyer.@  Id. at 
462.  When asked for 
clarification, appellant stated, ANo, I=m not asking for a 
lawyer.@  Id. at 
455.  Appellant=s tentative query in this case is 
somewhat similar.

After appellant was informed of his 
right to counsel, he asked, ACan I have him present 
now?@  Officer Davis then correctly answered 
appellant by stating that he could have counsel at that time, however, the 
questioning would end and appellant was to be returned to his cell.  Davis then asked appellant if he wanted 
counsel present and appellant responded, ANo.@  Appellant was assured by another officer 
that he could have counsel present and he again refused.  
Whether appellant invoked his right 
to counsel is determined by reviewing the totality of the circumstances.  Smith v. State, 
779 S.W.2d 417, 425‑26 (Tex. Crim. App. 1989); 
Collins v. State, 727 S.W.2d 565, 568 (Tex. Crim. App. 1987).  After reviewing all of the dialogue 
between appellant and the officers, we conclude that appellant=s ambiguous question about counsel 
was followed by his unambiguous rejection of an attorney=s presence during the interview.  Dinkins v. 
State, 894 S.W.2d 330, 351 (Tex. Crim. App. 
1995).  Accordingly, we 
overrule appellant=s second point of error.  
INDUCED 
CONFESSION
In appellant=s third point of error, he contends 
the trial court erred in admitting his confession because it was improperly 
induced by a promise of leniency.  
In order to preserve a complaint for our review, a party must have 
presented to the trial court a timely request, objection, or motion and state 
the specific grounds for the desired ruling if they are not apparent from the 
context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g).  Also, the trial court must be given an 
opportunity to rule expressly or implicitly, or must have refused to rule, and 
the complaining party objected to the refusal.  Taylor v. 
State, 939 S.W.2d 148, 155 (Tex. Crim. App. 
1996). 
Appellant=s sole objection in his motion to 
suppress was that he invoked his right to counsel.  He did not argue in his motion to 
suppress or in his supporting memorandum that police improperly induced his 
confession.  Accordingly, we hold 
appellant did not properly preserve this issue for appellate review.  See Tex. R. App. P. 33.1(a)(1).  We 
overrule appellant=s third point of error.  

JURY 
CHARGE
Appellant contends in his fourth and 
fifth issues that the trial court erred by failing to include instructions in 
the jury charge about undue influence and invoking the right to counsel.  A defendant is entitled to an 
instruction on the voluntariness of his confession 
when the evidence presented at trial raises a factual issue as to whether he had 
been warned of his rights and voluntarily waived them prior to making a 
statement.  Dinkins, 894 S.W.2d at 353‑54.  It is then proper to include in the jury 
charge instructions informing the jury that, if a reasonable doubt has been 
raised as to whether a defendant knowingly, intelligently, and voluntarily 
waived his rights before giving a confession, the jury must disregard the 
confession and not consider it for any purpose.  Bell v. State, 
582 S.W.2d 800, 812 (Tex. Crim. App. 
1979).  In this case, the 
court gave a general instruction on voluntariness 
instead of one that was fact-specific pertaining to appellant=s claim of undue influence.  The trial court also informed the jury 
that they could disregard appellant=s statement if they found it was 
taken in contravention of the law.  
The court=s instructions adequately addressed 
when a statement is made voluntarily and in accordance with a 
defendant=s rights.  Accordingly, we find the 
court=s charge accurately and sufficiently 
informed the jury regarding the applicable law.  See Mendoza v. State, 88 S.W.3d 
236, 240 (Tex. Crim. App. 2002) (defendant not 
entitled to instruction regarding criteria for confessions when instruction on 
voluntariness is adequate); Atkinson v. State, 
923 S.W.2d 21, 23 (Tex. Crim. App. 1996).  Therefore, we overrule 
appellant=s fourth and fifth issues and affirm 
the judgment of the trial court.  

 
/s/        
Charles W. Seymore
Justice
Judgment rendered and Memorandum 
Opinion filed August 26, 2003.
Panel consists of Justices Anderson, 
Seymore, and Guzman.
Do Not Publish C Tex. R. App. P. 
47.2(b).