Affirmed and Opinion on Remand filed November 9, 2004

















Affirmed and Opinion on Remand
filed November 9, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01220-CR

_______________

 

JEREMY KIM GUTIERREZ, Appellant

 

V.

 



THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from 185th District Court

Harris County,
Texas



Trial Court Cause No. 911,351

 



 

O P I N I O
N   O N  
R E M A N D








Appellant,
Jeremy Gutierrez, was convicted of felony theft.  On direct appeal, appellant contended that
the trial court erred by (1) admitting an accomplice=s videotaped statement, (2) admitting
his own videotaped confession made after he requested counsel, (3) admitting
his own videotaped confession because it was the product of undue influence,
(4) failing to include an instruction in the jury charge about his request for
counsel, and (5) failing to include an instruction in the jury charge about
undue influence.  On original submission,
we affirmed appellant=s conviction.  However,
the United States Supreme Court subsequently decided, Crawford v. Washington,
__ U.S. __,124 S. Ct. 1354, 158 L. Ed.2d 177 (2004), addressing the
admissibility of testimonial hearsay under the Confrontation Clause of the
United States Constitution.  Therefore,
on petition for discretionary review, the Texas Court of Criminal Appeals vacated
our judgment and remanded the case for us to consider the admissibility of the
accomplice=s videotaped statement.  We affirm.

I.  Background

Appellant
was employed as a pharmacist technician for the Methodist
Hospital in Houston. 
He had access to expensive drugs. 
Appellant stole pharmaceutical drugs from Methodist
Hospital pharmacy and sold them to
Christopher Felan, formerly a pharmacy technician at M.D. Anderson
 Cancer Center.  Federal agents and Houston Police Department
(HPD) officers convinced Felan to set up a drug transaction with appellant
while wearing a wire to record their conversation.  During the transaction, appellant requested
$7,500 for drugs that were in the trunk of his car.  The police arrested him immediately.  

After
his arrest, officers took appellant into an interview room and informed him of
his rights.  At the beginning of his
videotaped statement, the officers again informed appellant of his rights.  They also informed him that he had a right to
have a lawyer present to advise him prior to and during questioning.  Appellant then asked, ACan I have him present now?@ 
Officer J.H. Davis with HPD responded affirmatively, but told appellant
that officers would terminate the interview, put him back in his cell, and not
speak to him further.  Officer Davis then
asked appellant if he wanted an attorney present, and he replied, ANo.@ 
Officers assured appellant that he could have an attorney present, but
he stated that he would like to continue without one.  Appellant=s attorney arrived and entered the
interrogation room toward the end of appellant=s videotaped statement.  Appellant conferred with his attorney.  Afterwards, the interview continued in the
presence of appellant=s attorney. 








Appellant
later testified that he continued to give his statement because he was told
that Aif he cooperated and told the truth
the judge would give him leniency.@ 
However, none of the officers present during the interrogation testified
they offered any such inducement.  During
the statement, appellant confessed his involvement in the thefts. In his
pretrial motions to suppress, appellant contended his statement had been made
after he requested counsel and was the product of undue influence.  The trial court denied the motions to
suppress.  

During
trial, the State played Felan=s videotaped statement to the jury.  In the videotaped statement, Felan explained
the drug-stealing scheme, inculpating appellant and himself.  Appellant objected on several grounds,
including denial of the right to confrontation and hearsay.

II.  Felan=s Statement

A.        Admissibility Of Statement

In
appellant=s first issue, he contends the trial
court erred in allowing Felan=s videotaped statement to be played to the jury.  He contends the statement was hearsay and he
was denied his Sixth Amendment right to confrontation because Felan was not
present to testify. 

In Felan=s statement, he confessed that he
stole drugs from the M.D.
 Anderson Cancer
 Center=s pharmacy and resold them.  He also implicated three other individuals,
including appellant.  Felan explained
that appellant would steal drugs from Methodist Hospital
and Felan would buy them and then sell them to a third individual. 








Felan=s videotaped statement is hearsay
because it is an out-of-court assertion offered to prove the truth of the
matter asserted.  See Tex. R. Evid. 801(d).  However, Felan=s videotaped confession is also a
statement against penal interest, which is an exception to the hearsay rule.  See Tex.
R. Evid. 803(24).  A statement
against interest includes a statement which, at the time of its making, so far
tended to subject the declarant to criminal liability that a reasonable person
in the declarant=s position would not have made the statement unless believing
it to be true.  Id. 
Under the Texas Rules of Evidence, an admission against a co-defendant
declarant=s penal interest may be admissible
against the defendant so long as it is sufficiently against the declarant=s interest to be reliable and is
sufficiently corroborated by other evidence. 
Dewberry v. State, 4 S.W.3d 735, 751B52 (Tex. Crim. App. 1999); Tex. R. Evid. 803(24).  

However,
in Crawford v. Washington, the Supreme Court re-examined the
admissibility of out-of-court testimonial statements under the Confrontation
Clause.  124 S. Ct.
1354.  In Crawford, the Court
emphasized, Awhere testimonial statements are at
issue, the only indicium of reliability sufficient to satisfy constitutional
demands is the one the Constitution actually prescribes: confrontation.@ 
Id.
at 1374 (emphasis added).  The Court held
that out-of-court testimonial statements by a witness, who fails to testify at
trial, are barred by the Confrontation Clause unless the witness is unavailable
and the accused had a prior opportunity to cross-examine the witness,
regardless of whether such statements are deemed reliable under the rules of
evidence.  Id. at 1369B74.








Although
the Crawford Court
declined to articulate a comprehensive definition of what constitutes a Atestimonial@ statement, the court did  hold that a statement given during police
interrogation is Atestimonial.@  Id. at 1374.  Therefore, the videotaped statement that
Felan voluntarily gave to the police qualifies as a Atestimonial@ statement as a matter of law.  Id.
at 1364 (stating that A[a]n accuser who makes a formal statement to government
officers bears testimony in a sense that a person who makes a casual remark to
an acquaintance does not@).  Because Felan=s videotaped statement was an
out-of-court testimonial statement, it is admissible under Crawford only
if Felan was unavailable to testify and appellant had an opportunity to
cross-examine Felan.  Id. at 1369B74.  
However, appellant had no opportunity to cross-examine Felan either
before or during trial.   Therefore, the
admission of Felan=s videotaped statement violated appellant=s Sixth Amendment rights.  Accordingly, the trial court, without the
benefit of the United States
Supreme Court=s decision in Crawford, erred
in allowing Felan=s statement to be played to the jury.

B.        Harm
Analysis

A
violation of the Confrontation Clause, like other federal constitutional error,
is subject to harmless error analysis.  Shelby
v. State, 819 S.W.2d 544, 546B47 (Tex. Crim. App. 1991) (citing Delaware
v. Van Arsdall, 475 U.S.
673, 684, 106 S. Ct. 1431, 1438, 89 L. Ed.2d
674 (1986)).  In the case of
constitutional error, we must reverse the conviction unless we determine beyond
a reasonable doubt that the error did not contribute to appellant=s conviction or punishment.  See Tex.
R. App. P.  44.2(a).  

The
Court of Criminal Appeals has adopted a three-prong test for reviewing courts
to apply when assessing harm in Confrontation Clause cases.  Shelby,
819 S.W.2d at 546B47 (Tex. Crim. App. 1991). 
First, we assume that the damaging potential of the cross-examination is
fully realized.  Id. 
Second, with that assumption in mind, we review the error under the
following factors: (1) the importance of the witness=s testimony in the prosecution=s case; (2) whether the testimony was
cumulative; (3) the presence or absence of evidence corroborating or
contradicting the testimony of the witness on material points; (4) the extent
of cross-examination otherwise permitted; and (5) the overall strength of the
prosecution=s case.  Id.  Finally, in light of the first two prongs, we
must determine if the error was harmless beyond a reasonable doubt.  Id.








In
applying this test, we focus on Felan=s statement and assume that the damaging
potential of the cross-examination was fully realized.  We assume that appellant would have been
permitted to fully cross-examine Felan and, thus, had the opportunity to
discredit Felan as a witness.  With that
assumption in mind, we review the error in connection with the following five
factors:

1.         The Importance of the Witness=s Testimony in the Prosecution=s Case

In Felan=s statement, he described the
drug-stealing scheme in which he and appellant were involved.  Felan=s statement was important to the
prosecution=s case because Felan indicated that
appellant stole drugs from Methodist
 Hospital and sold them to
Felan on three or four occasions. 

2.         Whether the Testimony was Cumulative

Felan=s statement was cumulative of the
other evidence.  In particular, in
appellant=s own videotaped confession, he
detailed his participation in the drug-stealing scheme and admitted that he
sold the stolen drugs to Felan on four occasions.[1]


3.         The Presence
or Absence of Evidence Corroborating or Contradicting the Testimony of the
Witness on Material Points

The
material point in Felan=s statement is that appellant stole drugs from Methodist Hospital and sold them to Felan.  Appellant=s own videotaped confession strongly
corroborates this.  Moreover, the audio
tape of the drug transaction, as well as the stolen drugs confiscated from
appellant=s car also corroborate appellant=s participation in the drug-stealing
scheme.

4.         The Extent of Cross-Examination
Otherwise Permitted

Appellant
was not given an opportunity to cross-examine Felan.  Appellant was, however, permitted to fully
cross-examine the State=s other witnesses.

 








5.         The Overall Strength of the Prosecution=s Case

The
State=s case was strong overall, with or
without Felan=s videotaped statement.  The State introduced appellant=s videotaped confession admitting his
participation in the drug-stealing scheme, the testimony of investigating
officers who observed the drug transaction between appellant and Felan, a tape
recorded conversation in which appellant agreed to sell stolen drugs to Felan,
the audiotape of the drug transaction, and the stolen drugs that were
confiscated from appellant=s car.

The
final step of our analysis requires us to determine, in light of the foregoing
examination, whether the error was harmless beyond a reasonable doubt.  Shelby,
819 S.W.2d at 546B47.  The lawfully
admitted evidence overwhelmingly established appellant=s guilt.  Moreover, Felan=s statement was corroborated by
appellant=s own confession.  These factors lead us to conclude beyond a
reasonable doubt that admission of Felan=s statement was harmless.  See Simpson v. State, 119 S.W.3d 262,
269B71(Tex. Crim. App. 2003) (finding
confrontation clause violation to be harmless error where evidence of guilt was
strong and erroneously admitted statement was corroborated by other evidence
adduced at trial).  Thus, appellant=s first issue is overruled. 

III.  Right
To Counsel

In
appellant=s second issue, he contends that he
invoked his right to counsel by asking, ACan I have him present now?@ 
Thus, all statements made thereafter should have been excluded, and the
trial court erred by denying his motion to suppress.  We review a ruling on a motion to suppress
under the standards set forth in Guzman v. State, giving almost
complete deference to a trial court=s determination of historical facts
and viewing the evidence in the light most favorable to the trial court=s ruling.  955 S.W.2d 85, 87 (Tex. Crim. App.
1997).  However, we review the trial
court=s application of the law to the facts
de novo.  Id. at 89.








A
request for counsel must be Aunambiguous,@ meaning the suspect must Aarticulate his desire to have counsel
present sufficiently clearly that a reasonable police officer in the
circumstances would understand the statement to be a request for an attorney.@ 
Davis v. United States,
512 U.S.
452, 459 (1994).  In Davis, the Court concluded that
the following statement by a suspect was an ambiguous articulation of a desire
for counsel:  AMaybe I should talk to a lawyer.@ 
Id.
at 462.  When asked for clarification,
appellant stated, ANo, I=m not asking for a lawyer.@ Id. at 455.  Appellant=s tentative query in this case is
somewhat similar.

After
appellant was informed of his right to counsel, he asked, ACan I have him present now?@ 
Officer Davis then correctly answered appellant by stating that he could
have counsel at that time, however, the questioning would end and appellant was
to be returned to his cell.  Davis then asked
appellant if he wanted counsel present and appellant responded, ANo.@ 
Appellant was assured by another officer that he could have counsel
present and he again refused.  

Whether
appellant invoked his right to counsel is determined by reviewing the totality
of the circumstances.  Smith v. State,
779 S.W.2d 417, 425B26 (Tex. Crim. App. 1989); Collins v. State, 727
S.W.2d 565, 568 (Tex. Crim. App. 1987). 
After reviewing all of the dialogue between appellant and the officers,
we conclude that appellant=s ambiguous question about counsel was followed by his
unambiguous rejection of an attorney=s presence during the interview.  Dinkins v. State, 894 S.W.2d 330, 351
(Tex. Crim. App. 1995).  Accordingly, we
overrule appellant=s second issue.  

IV.  Induced
Confession








In
appellant=s third issue, he contends the trial
court erred in admitting his confession because it was improperly induced by a
promise of leniency.  In order to
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion and state the specific grounds for
the desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g). 
Also, the trial court must be given an opportunity to rule expressly or
implicitly, or must have refused to rule, and the complaining party objected to
the refusal.  Taylor v. State, 939 S.W.2d
148, 155 (Tex. Crim. App. 1996). 

Appellant=s sole objection in his motion to
suppress was that he invoked his right to counsel.  He did not argue in his motion to suppress or
in his supporting memorandum that police improperly induced his
confession.  Accordingly, we hold
appellant did not properly preserve this issue for appellate review.  See Tex.
R. App. P. 33.1(a)(1).  We
overrule appellant=s third issue.  

V.  Jury
Charge








Appellant
contends in his fourth and fifth issues that the trial court erred by failing
to include instructions in the jury charge about undue influence and invoking
the right to counsel.  A defendant is
entitled to an instruction on the voluntariness of his confession when the
evidence presented at trial raises a factual issue as to whether he had been
warned of his rights and voluntarily waived them prior to making a
statement.  Dinkins, 894 S.W.2d at
353B54. It is then proper to include in
the jury charge instructions informing the jury that, if a reasonable doubt has
been raised as to whether a defendant knowingly, intelligently, and voluntarily
waived his rights before giving a confession, the jury must disregard the
confession and not consider it for any purpose. 
Bell
v. State, 582 S.W.2d 800, 812 (Tex. Crim. App. 1979).  In this case, the court gave a general
instruction on voluntariness instead of one that was fact-specific pertaining
to appellant=s claim of undue influence.  The trial court also informed the jury that
they could disregard appellant=s statement if they found it was taken in contravention of
the law.  The court=s instructions adequately addressed
when a statement is made voluntarily and in accordance with a defendant=s rights.  Accordingly, we find the court=s charge accurately and sufficiently
informed the jury regarding the applicable law. 
See Mendoza
v. State, 88 S.W.3d 236, 240 (Tex. Crim. App. 2002) (defendant not entitled
to instruction regarding criteria for confessions when instruction on
voluntariness is adequate); Atkinson v. State, 923 S.W.2d 21, 23 (Tex.
Crim. App. 1996).  Therefore, we overrule
appellant=s fourth and fifth issues and affirm
the judgment of the trial court.  

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
November 9, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.



 











[1]           In his
second and third issues, appellant argues that the trial court improperly
admitted his videotaped confession. 
However, as discussed in Parts III and IV of this opinion, we disagree
with appellant and hold that his videotaped confession was admissible.