IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00141-CR

 

Darrell Wayne Posey,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2004-1268-C

 



MEMORANDUM  Opinion



 

            Darrell Posey was charged with the offense of
possession of a controlled substance (cocaine), tried by a jury, convicted, and
sentenced by the court to two years in a state jail facility.  In a single
issue, he complains that the court’s jury charge did not instruct the jury to
disregard any evidence illegally obtained.  Finding no error, we will affirm
the judgment.

          Article 38.23 of the Code of Criminal
Procedure requires that the court instruct the jury to disregard illegally
obtained evidence if the defendant raises a fact issue concerning the manner in
which the evidence was obtained and requests the instruction.   Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon 2005); Mendoza v. State, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002).   Posey and the State agree that the evidence raising the issue may
be “strong, weak, uncontradicted, unimpeached, or unbelievable.”   Mendoza, 88 S.W.3d at 239 (citing Muniz v. State, 851 S.W.2d 238, 254 (Tex.
Crim. App. 1993)).

          The evidence shows that the arresting
officer encountered Posey when he stopped at a home where the homeowner had
previously complained of people gathering on her property without her consent. 
As the officer attempted to learn Posey’s identity, Posey ran.  The officer
noticed, however, that he had something in his mouth, which the officer
attributed to the possible concealment of drugs.  Posey was apprehended a few
blocks away by another officer and found to be in possession of the controlled
substance.

          We agree with the State that the
record shows no dispute concerning the facts surrounding Posey’s arrest.  The
officer attempted to detain him to learn his identity, but he ran. Coupled with
the officer’s suspicion about the possible concealment of drugs, Posey’s flight
made his later detention reasonable under the circumstances, and the cocaine
was discovered during a routine pat-down during that detention.  See Smith
v. State, 65 S.W.3d 332, 342-43 (Tex. App.—Waco 2001, no pet.) (a police
officer may stop an individual if he has specific articulable facts which, in
light of his experience and general knowledge, lead to the reasonable
conclusion that criminal activity is afoot and the person detained is connected
with the activity); see also Pool v. State, 157 S.W.3d 36, 42 n.2 (Tex.
App.—Waco 2004, no pet. h.) (noting that officers may detain a person on the
street and in the interest of safety perform a pat-down search for weapons when
the officers have a reasonable suspicion that criminal activity is afoot, citing
Terry v. Ohio, 392 U.S. 1, 24-25, 88 S.Ct. 1868, 1881-82, 20 L.Ed.2d
889, 908 (1968)).  

          Finding that the court did not err in
failing to instruct the jury under article 38.23, we overrule the issue and affirm
the judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed February 15, 2006

Do
not publish

[CR25]