# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00754-CR

**Carl Edward Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-2005-201856, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Carl Edward Davis of felony driving while intoxicated and, after considering his previous two convictions for driving while intoxicated, assessed punishment at twelve years in prison. *See* Tex. Pen. Code Ann. § 49.04 (West 2003) (driving while intoxicated), § 49.09 (West 2006) (enhanced offense). In a single issue on appeal, Davis contends that the trial court erred by denying his proposed jury instructions concerning the voluntariness of his refusal to take a breath test. We affirm.

The facts are undisputed. On April 17, 2005, Officer Christopher Leleux of the Austin Police Department was patrolling an area of central east Austin. At approximately 4:00 p.m., he was dispatched to assist other officers in responding to a violent disturbance in the area. On his way to the disturbance, Officer Leleux saw a Ford Explorer run through a red light at an intersection, nearly causing an accident with an oncoming vehicle. After following the Explorer for several more blocks, he observed "the driver of the Explorer barely stopped in time to

keep from rear ending [a] vehicle" stopped at a red light. At this point, Officer Leleux received a call from dispatch that enough officers had responded to the scene of the violent disturbance. He then initiated a traffic stop of the Explorer.

Officer Leleux identified Davis as the driver of the Explorer and "very quickly detected an odor of alcohol inside the vehicle." According to Officer Leleux, Davis's eyes were red and bloodshot and his speech was slurred. An open bottle of liquor was in plain view in the center console area of the car. Officer Paul Tronco arrived as backup and Officer Leleux watched as Officer Tronco administered several field sobriety tests to Davis, including the horizontal nystagmus test, the walk and turn test, and the one-legged stand test. According to Officer Tronco, Davis failed each of these tests. Officer Tronco testified that, in his opinion, Davis was intoxicated based on "initial contact, speech, alcohol present on his breath, alcohol in the vehicle, admitted to consuming alcohol, [standard field sobriety tests], and totality." After Davis was placed under arrest for driving while intoxicated, he refused to give a sample of his breath for analysis.

Davis was indicted for felony driving while intoxicated under Texas Penal Code section 49.09(b)(2). On November 7, 2005, Davis was tried before a jury on his plea of not guilty. The State presented testimony from Officers Leleux and Tronco and showed the jury numerous exhibits, including the videotape of the field sobriety tests and a stipulation that Davis had been convicted twice before of offenses related to the operation of a motor vehicle while intoxicated. The defense called one witness, a criminal defense lawyer, to testify as an expert witness regarding the administration of the field sobriety tests. Davis did not testify.

At trial, defense counsel cross-examined Officer Tronco about whether Davis was in pain at the time of his refusal to take the breath test due to overly tight handcuffs. The purpose

of this line of questioning was to suggest that Davis's refusal of the breath test was an involuntary and, therefore, inadmissible statement made as a result of the painful handcuffs. After the close of evidence, Davis proposed two jury instructions related to the voluntariness of his refusal to take the breath test. These two proposed instructions recited language from articles 38.22[1] and 38.23[2] of the Texas Code of Criminal Procedure. However, the trial court declined to include the instructions requested by Davis in its charge to the jury, and instead included the following jury instruction:

> You are instructed that under our law a statement of a Defendant made while under arrest or in custody, may not be used in evidence against the defendant unless it appears that the statement was freely and voluntarily made.
>
> Now, therefore if you find from the evidence, or if you have a reasonable doubt thereof, that at the time of the making of the statement that [Davis] would not consent to a blood or breath test, the defendant was under such pain as to render his statement not voluntary, then you will completely disregard such statement as evidence for any purpose nor will you consider any evidence obtained as a result thereof.

The trial court also included an instruction concerning Davis's right against self-incrimination. The jury returned a guilty verdict and, after considering Davis's two previous convictions for driving while intoxicated, assessed punishment at twelve years in prison.

On appeal, Davis claims that his refusal to take a breath test upon his arrest was an involuntary statement caused by the "extreme pain" he suffered from his handcuffs. However, he

---

[1] Article 38.22 governs the admissibility of oral statements "of an accused made as a result of custodial interrogation." Tex. Code Crim. Proc. Ann. art. 38.22 (West 2005).

[2] Article 38.23 states that no evidence obtained "in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005).

does not argue on appeal that evidence of his refusal was improperly admitted into evidence. Instead, he contends that the trial court erred by denying his two proposed jury instructions addressing the voluntariness of his refusal to submit to a breath test using language from articles 38.22 and 38.23 of the Texas Code of Criminal Procedure.

Review of alleged jury charge error requires that an appellate court make a two-fold inquiry: (1) whether error exists in the jury charge, and (2) whether sufficient harm was caused by the error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Because we find no error in the jury charge, we need not address the harmful error issue. *Id.*

Article 38.22 states that an oral statement of an accused "made as a result of custodial interrogation" is not admissible against the accused in a criminal proceeding unless an electronic recording is made of the statement or unless the accused receives *Miranda* warnings and intelligently, and voluntarily waives any rights set out in those warnings. Tex. Code Crim. Proc. Ann. art. 38.22 § 3 (West 2005). In the present case, Davis's proposed article 38.22 instruction recited the electronic recording and *Miranda* warnings required for an oral statement made as a result of custodial interrogation to be admissible against the accused in a criminal proceeding. However, article 38.22 states that "nothing in this article precludes the admission of a statement . . . that does not stem from custodial interrogation." *See id.* § 5.

As explained by the court of criminal appeals in *Griffith v. State*, 55 S.W.3d 598, 603 (Tex. Crim. App. 2001), in the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda*. Therefore, an accused's refusal to submit to a breath test is not a statement "made as a result of custodial interrogation" for purposes of article 38.22. *See McGinty v. State*, 723 S.W.2d

4

719, 722 (Tex. Crim. App. 1986); *Bass v. State*, 723 S.W.2d 687, 691 (Tex. Crim. App. 1986). Because Davis's refusal of the breath test was not a statement made as a result of custodial interrogation, it did not merit an instruction under article 38.22. Accordingly, we conclude that the trial court did not err by denying Davis's requested article 38.22 instruction.

Davis also contends that the trial court erred by denying his proposed article 38.23 instruction. The proposed instruction recited the language of article 38.23 nearly verbatim, inserting the Fifth Amendment prohibition against self-incrimination between the first and second sentences:

> No evidence obtained by an officer in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> No person shall be compelled in any criminal case to be a witness against himself.
>
> If the jury believes, or has a reasonable doubt, that the statement or statements of Carl Edward Davis were obtained in violation of the provisions of the law set out above, then and in such event, the jury shall disregard any such evidence so obtained.

The trial court denied this requested instruction and instead submitted the aforementioned instruction concerning the admissibility of Davis's refusal to take the breath test if the jury had a reasonable doubt that his refusal was made voluntarily. The submitted jury charge also contained the following instruction concerning Davis's right against self-incrimination:

> In a criminal case the law permits a defendant to testify in his own behalf but he is not compelled to do so, and the same law provides that the fact that a defendant does not testify shall not be considered as a circumstance against him. You will, therefore, not consider the fact that the defendant did not testify as a circumstance against him; and you will not in your retirement to consider your verdict allude to, comment on, or in any manner refer to the fact that the defendant has not testified.

5

In a similar case, *Mendoza v. State*, 88 S.W.3d 236, 240 (Tex. Crim. App. 2002), the defendant claimed that his confession to murder was involuntary. At trial, he presented a proposed jury instruction regarding the voluntariness of his confession. *Id.* at 238. The trial court excluded three of the four paragraphs of the defendant's proposed jury instruction and submitted only the following paragraph:

> You are instructed that unless you believe from the evidence beyond a reasonable doubt that the alleged confession or statement introduced into evidence was freely and voluntarily made by the defendant without compulsion or persuasion, or if you have a reasonable doubt thereof, you shall not consider such alleged statement or confession for any purpose nor any evidence obtained as a result thereof.

*Id.* On review, the court of criminal appeals held that when "an issue of fact is raised as to compulsion or persuasion in obtaining a confession, a defendant has a statutory right to have the jury charged accordingly." *Id.* at 239. The court then concluded that the requirements of article 38.23 were "adequately addressed by the instruction on voluntariness" submitted to the jury. *Id.* at 240. Furthermore, the court found that the defendant's other three paragraphs, each of which "dealt with a specific scenario in which [the defendant's] confession may have been involuntary" were properly excluded because those proposed instructions could "constitute a comment on the weight of the evidence." *Id.*

Here, the submitted jury charge addressed the admissibility of an involuntary statement in more detail than the instruction approved by the court of criminal appeals in *Mendoza.* It specifically instructed the jury to examine whether Davis was in such pain at the time he refused the breath test that his refusal was involuntary and to disregard his statement refusing the breath test as evidence for any purpose if that statement was found to be involuntary. The submitted charge also

6

instructed the jury not to consider the fact that Davis did not testify as a circumstance against him. In light of the charge and the entire record in this case, we conclude that the submitted jury instruction more than adequately addressed the issue of voluntariness. Therefore, the trial court did not err by denying Davis's proposed article 38.23 instruction.

Davis contends that his case is similar to *Vasquez v. State*, 179 S.W.3d 646 (Tex. App.—Austin 2005, pet. granted), in which this Court held that the trial court erred by failing to instruct the jury on the voluntariness of the defendant's confession and that the error was not harmless. However, unlike the situation in *Vasquez*, the trial court here adequately instructed the jury concerning the voluntariness of Davis's refusal of the breath test. Therefore, *Vasquez* is distinguishable and does not apply to the facts of this case.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Pemberton, and Waldrop

Affirmed

Filed: December 21, 2006

Do Not Publish