Opinion filed February 25,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                           No. 11-08-00298-CR 

                                                     __________

 

                         DERRICK
LASHONE HAMMOND, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS,  Appellee

 

 



 

                                          On
Appeal from the 42nd District Court

                                                          Taylor
County, Texas

                                                  Trial
Court Cause No. 22997A

 



 

                                            M
E M O R A N D U M   O P I N I O N

 

The jury convicted Derrick Lashone Hammond
of possessing one to four grams of cocaine with the intent to deliver.  See
Tex. Health & Safety Code Ann.
'' 481.102(1) &
(3)(D), 481.112(a) & (c) (Vernon Supp. 2009).  The jury additionally
determined that appellant committed the offense within a drug-free zone.  See
Tex. Health & Safety Code Ann. ' 481.134(b) (Vernon Supp.
2009).  The trial court assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of twenty years.  Appellant challenges his conviction in three issues.  We
modify and affirm.








                                                                Background
Facts

The facts relevant to the issues in this
appeal are narrow in scope.  Officers with the narcotics unit of the Abilene
Police Department obtained a search warrant on a business known as AM & M Auto@ based upon their suspicion
that crack cocaine was being distributed from the business.  Upon entering the
building pursuant to the search warrant, officers observed appellant sitting
behind a desk and a plate containing crack cocaine located on the desk in front
of him.  The crack cocaine seized from the plate weighed 1.22 grams at the time
the officers presented it to the DPS crime lab in Abilene for analysis.  Herman
Carroll, a DPS forensic scientist at the crime lab, testified that he performed
laboratory tests on the substance to confirm that it contained crack cocaine. 
He further testified that a portion of the crack cocaine was destroyed as a
part of the process of testing it.  After testing, the remaining crack cocaine
weighed .98 grams.

Appellant bases each of his issues on appeal
on the fact that the crack cocaine seized from him weighed less than a gram
after analysis.  In his first and second issues, he challenges the legal and
factual sufficiency of the evidence to support the jury=s determination that he possessed between one
and four grams of cocaine.  Appellant asserts in his third issue that the trial
court erred in denying his request to include the lesser included offense of
possessing less than one gram of cocaine in the court=s charge.   

                                                         Sufficiency
of the Evidence








Appellant challenges the legal and factual
sufficiency of the evidence in his first two issues.  To determine if the
evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hooper v.
State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Jackson v. State, 17
S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006) (overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim.
App. 2004)); Johnson v. State, 23 S.W.3d 1, 10‑11 (Tex. Crim.
App. 2000); Cain v. State, 958 S.W.2d 404, 407‑08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence. Watson, 204 S.W.3d at 414‑15; Johnson,
23 S.W.3d at 10‑11.  The finder of fact is the sole judge of the weight
and credibility of the witnesses=
testimony. Tex. Code Crim. Proc. Ann. art.
36.13 (Vernon 2007), art. 38.04 (Vernon 1979).

In support of his challenges to the
sufficiency of the evidence, appellant presents the following argument in his
brief:

The difference in the weight of the cocaine after tests were
conducted on the cocaine and the weight before tests were conducted on the
cocaine puts into question the initial weight.  Because the weight of the
cocaine decreased to such a degree, the initial weight could not have been 1.22
grams of cocaine.

 

We note at the outset that there was no evidence offered at
trial that supports appellant=s
argument.  Furthermore, Carroll testified that the amount of .24 grams that he
destroyed during the testing process was consistent with the amount normally
used in testing cocaine.

Under the applicable standard of review for
a legal sufficiency challenge, we must view the evidence in the light most
favorable to the jury=s
verdict.  Carroll testified that the cocaine presented to the DPS crime lab for
analysis weighed 1.22 grams.  Based upon this evidence, any rational trier of
fact could have found beyond a reasonable doubt that appellant possessed
between one and four grams of cocaine.  Appellant=s
first issue is overruled.  

With respect to appellant=s factual sufficiency
challenge, we are required to view all of the evidence in a neutral light.  In
addition to testifying that the substance weighed 1.22 grams when police
officers presented it to the DPS crime lab for testing, Carroll testified that
a portion of it was destroyed during analysis.  He additionally testified that
the amount destroyed during testing was an amount normally used in testing
cocaine.  The evidence supporting the jury=s
determination that appellant possessed between one and four grams of cocaine is
not so weak that the verdict is clearly wrong and manifestly unjust. 
Furthermore, the jury=s
determination is not against the great weight and preponderance of any
conflicting evidence.  Appellant=s
second issue is overruled.

                                                           Lesser
Included Offense








A defendant is entitled to a jury charge on
a lesser included offense if two requirements are met.  Flores v. State,
245 S.W.3d 432, 439 (Tex. Crim. App. 2008).  First, the defendant must request
an instruction on a lesser included offense of the charged offense under Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 2006).  Flores, 245 S.W.3d at 439; Rousseau v. State, 855
S.W.2d 666, 672 (Tex. Crim. App. 1993) (citing Royster v. State, 622
S.W.2d 442 (Tex. Crim. App. 1981)). Second, there must be Asome evidence@ that, if the defendant is
guilty, he is guilty only of the lesser included offense.  Flores, 245
S.W.3d at 439; Rousseau, 855 S.W.2d at 672 (citing Royster, 622
S.W.2d 442).  Evidence from any source may raise such a defensive issue.  Mendoza
v. State, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002).  Anything more than a
scintilla of evidence may be sufficient to entitle a defendant to a charge on
the lesser included offense. Hall v. State, 225 S.W.3d 524, 536 (Tex.
Crim. App. 2007).  In making our determination, we must review all evidence
presented at trial. Rousseau, 855 S.W.2d at 673.  We review the trial
court=s decision
regarding a lesser included offense charge under an abuse of discretion
standard.  Dobbins v. State, 228 S.W.3d 761, 768 (Tex. App.CHouston [14th Dist.] 2007,
pet. dism=d, untimely
filed).

The State concedes that possession of less
than one gram of cocaine is a lesser included offense in this appeal. 
Appellant contends that a charge on the lesser included offense was required
under the second prong of the test because the jury could have found that he
possessed less than one gram of cocaine based upon its weight after lab analysis. 
We disagree.  In order to be entitled to a charge on a lesser included offense,
the evidence must establish the lesser included offense as a valid, rational
alternative to the charged offense. Wesbrook v. State, 29 S.W.3d 103,
113 (Tex. Crim. App. 2000).  This means the evidence must allow a jury to
rationally conclude that appellant was guilty only of the lesser offense.  Id.
at 113‑14.  The jury could not have rationally concluded that appellant
possessed less than one gram of cocaine because the evidence establishes that
the tested substance weighed 1.22 grams when it was presented to the DPS crime
lab for analysis and that a portion of it was destroyed during testing.








The Corpus Christi Court of Appeals faced a
similar contention in Phifer v. State, No. 13-97-00390-CR, 1998 WL
35276377 (Tex. App.CCorpus
Christi July 16, 1998, no pet.) (not designated for publication).  The cocaine
seized in Phifer weighed 1.16 grams.  The appellant in Phifer
contended that he should been have entitled to a lesser included charge of
possession of less than one gram because the cocaine may have absorbed
perspiration, water, or humidity when the officers that seized it held the
cocaine in their hands.  The court of appeals rejected the appellant=s argument on the basis
that it was speculative and unsupported by the record.  These factors are also
present in this appeal.  Appellant was not entitled to a lesser included charge
of possession of less than one gram because his contention is based on
speculation and is not supported by the record.  Appellant=s third issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is modified
to reflect that the trial court assessed punishment.  As modified, the judgment
is affirmed.

 

 

TERRY McCALL

JUSTICE

 

February 25, 2010

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.