PD-0813-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/16/2015 1:55:51 PM
Accepted 10/16/2015 3:07:47 PM
ABEL ACOSTA
CLERK

No. **PD-0813-15**

In the
Texas Court of Criminal Appeals
At Austin

---

**No. 06-14-00109-CR**
In the Court of Appeals for the
Sixth Appellate District of Texas
At Texarkana

---

**MARLO DONTA PERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**PETITION FOR DISCRETIONARY REVIEW
OF APPELLANT MARLO DONTA PERSON**

---

FILED IN
COURT OF CRIMINAL APPEALS

October 16, 2015

ABEL ACOSTA, CLERK

Tara N. Long
State Bar No. 24032680
Long Law Firm, PLLC
2656 South Loop West, Suite 255
Houston, Texas 77054
Telephone: (713) 349-8896
Fax: (713) 349-8863
Counsel for Appellant

**APPELLANT REQUESTS ORAL ARGUMENT**

# IDENTITIES OF THE PARTIES

Appellant:                                          Marlo D. Persons

Defense Counsel at Trial:                   Mr. Daniel J. O'Brien
                                                       131 North Ludlow Street
                                                       Talbott Tower, Suite 1210
                                                       Dayton, OH 45402

                                                       Mr. Scott A. Cornuaud
                                                       2611 Lee Street
                                                       Greenville, TX  75401

Appellant's Attorney on Appeal:          Elisha M. Hollis
                                                       2608 Stonewall Street
                                                       P.O. Box 1535
                                                       Greenville, TX 75403

Prosecutions' Attorney at Trial:           Ms. Lauren Hudgeons
                                                       Assistant District Attorney
                                                       Hunt County District Attorney
                                                       2507 Lee Street, 4th Floor
                                                       Greenville, TX  75401

Appellee's Attorney on Appeal:            Ms. Keli M. Aiken
                                                       First Assistant District Attorney
                                                       P.O. Box 441
                                                       4th Floor Hunt County Courthouse
                                                       Greenville, TX 75403

Trial Judge:                                       Hon. Richard A. Beacom
                                                       354th Judicial District Court
                                                       2507 Lee Street, 3rd Floor
                                                       Greenville, TX     75401

# TABLE OF CONTENTS

Identities of the Parties                                    2

Table of Contents                                            3

Index of Authorities                                         4

Statement of the Case                                        5

Statement of Procedural History                             5

Grounds for Review                                          5-6

Arguments & Authorities                                      6

Prayer

Appendix

# INDEX OF AUTHORITIES

CASES

Federal:

*Rodriguez vs. Unites States*, No. 13-9972, 575 U.S. \_\_\_\_ (2015).

State:

*Atkinson v. State*, 923 S.W.2d 21 (Tex. App.—Ft. Worth 1996).

*Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007).

*Mendoza v. State*, 88 S.W.3d 23 (Tex. Crim. App. 2002).

*Mills v. State*, 296 S.W.3d 843 (Tex. App. –Austin 2009).

STATUTES

TEXAS CODE OF CRIMINAL PROCEDURE Article 38.23

TEXAS TRANSPORTATION CODE Section 545.062

## STATEMENT OF THE CASE

Appellant Marlo D. Persons was charged with possession of cocaine in an amount of 400 grams or more. Furthermore, the grand jury found that Appellant had used or exhibited a deadly weapon during the commission of this offense. After entering a plea of Not Guilty, Appellant was tried by jury and found guilty and sentenced to 55 years in the Texas Department of Criminal Justice. Appellant appealed on two issues both arising out of Trial Court's denial of Appellant's request of an Article 38.23(a) jury instruction.

## STATEMENT OF PROCEDURAL HISTORY

The Sixth Court of Appeals found no error and affirmed the trial court's judgment in a decision rendered June 2, 2015. Appellant's motion for rehearing, filed June 23, 2015, was overruled on June 30, 2015. Appellant did not file a motion for another rehearing. Appellant now files his petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

## GROUNDS FOR REVIEW

I.  Whether the Court of Appeals erred when rendering a decision in which the evidence on the disputed issue of "following too closely" behind a vehicle, raised a fact issue as to whether the traffic stop was a pretext stop, that lead the Court of Criminal Appeals to render a decision is in conflict with this Court's decision in *Madden vs. State*, and *Mills vs. State* and the applicability of Article 38.32 jury instructions.

II. Whether the Fact that The Court of Appeals Did Not Take Into Account *Rodriguez vs. United States*, that the Motion to Suppress and critical argument that the search went beyond the scope of the stop entitled Appellant to an Article 38.32 instruction.

## ARGUMENTS & AUTHORITIES

I. Whether the Court of Appeals erred when rendering a decision in which the evidence on the disputed issue of "following too closely" behind a vehicle, raised a fact issue as to whether the traffic stop was a pretext stop, that lead the Court of Criminal Appeals to render a decision is in conflict with this Court's decision in *Madden vs. State*, and *Mills vs. State* and the applicability of Article 38.32 jury instructions.

The evidence presented at the trial on the disputed issue of what the measurable distance between vehicles, traveling in the same lane of travel and in the same direction, constitutes a traffic violation of traveling too closely was sufficient to merit an instruction to the jury under Texas Criminal Code of Procedure Article 38.239a). The denial of the trial counsel's request for a 38.23(a) jury instruction was error on the part of the Court of Appeals and trial judge because the Motion to Suppress issues was taken away from the trier of, the facts, the jury, as to whether or not the Appellant's 4th Amendment rights were violated either by the making of a pretext arrest or a consent to search that was unconstitutionally taken form the co-defendant.

The Trooper testified that one of the reasons he performed the traffic stop on the vehicle Appellant was traveling it was observed that Appellant's vehicle was traveling too close behind another vehicle. R.R. Vol. 45 8-10. The Trooper claimed the distance was less than 150 feet in violation of the Transportation Code. RR Vol. 7 46 19-47. Appellant's trial counsel made the

6

issue of a distance dispute relevant to the actual distance of the car Appellant was in and the car in front of it. Trial counsel said that an instruction on the Penal Code 38.23 should be included in the jury charge because the multiple issues (distance) being disputed could be resolved with the Jury's viewing of the Trooper's dash cam video of the cars. The trial court ruled that the video was not sufficient to resolve the proposed dispute and denied those instructions. R.R. Vol. 9 41-19 thru 24.

On Appeal, the Court of Appeals held that both the Trial Court and the Court of Appeals had themselves reviewed the video and decided that what the Trooper had testified to was supported with the dash cam video. It is Appellant's contention that neither the trial court nor the Court of Appeals were authorized under 38.23 to resolve this dispute. It is the sole problem of the trier of fact, the jury, to resolve this dispute. According to Texas Transportation Code Section 545.062, it does not state or use a measureable distance at all.

> Sec. 545.062. FOLLOWING DISTANCE. (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.
>
> (b) An operator of a truck or of a motor vehicle drawing another vehicle who is on a roadway outside a business or residential district and who is following another truck or motor vehicle drawing another vehicle shall, if conditions permit, leave sufficient space between the vehicles so that a vehicle passing the operator can safely enter and occupy the space. This subsection does not prohibit a truck or a motor vehicle drawing another vehicle from passing another vehicle.

7

(c)  An operator on a roadway outside a business or residential district driving in a caravan of other vehicles or a motorcade shall allow sufficient space between the operator and the vehicle preceding the operator so that another vehicle can safely enter and occupy the space.   This subsection does not apply to a funeral procession.

Acts 1995, 74th Leg., ch. 165, Sec. 1, eff. Sept. 1, 1995.

It makes no reference the 150 feet that the Trooper testified to during trial on direct or cross-examination.  R.R. Vol. 7 -34- thr 186 or RR vol 8-58 thr 81.  The trooper also testified that through his training his opinion is that we were following too close.  RR. Vol. 7-121 and when such a stop is based on objective criteria the risk of arbitrary and abusive police practices tolerable exceeds possible limits allowed in Terry's reasonably suspicious protections in their opinion in effect substitutes for specific articulable facts reasonable suspicion analysis. Furthermore, the officers following too close clearly doesn't constitute a specific articulable fact to support a stop and cross examination did reveal that the officer definition of following to close is not in fact a description of conduct described by the statute in question.  Therefore, the jury was left with testimony from an officer that was false misleading and perjured.  The Code of Criminal Procedure Art. 38.23 states in pertinent part that any in case when the legal evidence raises an issue hereunder the jury shall be instructed that if it believes or have a reasonable doubt that the evidence was obtained in violation of a provision of this article, then upon such an event the jury should disregard any of such evidence obtained. 38.23a. Since such article is mandatory in nature, it is one of the statutory rights of the Defendant.  *Mendoza*, 88 SW3d 236, 239 (Tex. Crim. App. 2002).  The right to the instruction attached to Appellant's case as soon as the actual

dispute as the legality of seizure or other obtained evidence specifically the distance required for the stop became an issue. *Madden v. State,* 242 S.W.3d 504, 513-514 (Tex. Crim. App. 2007).

II.      Whether the fact that the Court of Appeals did not take into account *Rodriguez vs. United States*, that the Motion to Suppress and critical argument that the search went beyond the scope of the stop entitled Appellant to an Article 38.32 instruction. The Rodriguez majority opinion, written by Justice Ginsburg was announced on April 21, 2015.

The Court of Appeals and the trial court improperly denied the Appellant's Motion to Suppress because there were no articulable facts or outside information, apart from the courtier profile elements that Trooper Zane Rhone, the officer that made the traffic stop and the arresting officer in this case, testified to at the hearing that he stated observed conduct of the driver of the vehicle that fits the profile was indicative of a person taking part in drug related activities, once the co-defendant was issued a warning the detention or stop should have ended.

Trooper Zane Rhone when testifying and the dash cam video shows that appellant was not told he could leave the Texas Department of Public Safety Trooper's patrol vehicle and was being detained, although he had properly identified himself, and there was no law violation witnessed by trooper Zane that would indicate that criminal activity was occurring and the traffic stop went beyond the scope of the traffic stop by the officer.   Thus, the consent to search was illegal and the search was beyond the scope of the stop and the evidence should have been suppressed by the court at the hearing. *Rodriguez v. United States*, No. 13-9972, decided on April 21, 2015 and printed on April 22, 2015.

The panel was not made aware of the ruling by the United States Supreme Court and the outcome of their analysis of the evidence when making their ruling or judgment might have been materially affected.

## PRAYER

Appellant respectfully prays that this Honorable Court grant his Petition for Discretionary Review, set this case for oral argument, and reverse the decision of the Court of Appeals, declare that Appellant was entitled to a Texas Code of Criminal Procedure Article 38.23 jury instructions, and quash the charges against him.

Respectfully submitted,

Long Law Firm, PLLC
2656 South Loop West, Suite 255
Houston, Texas 77054
(713) 349-8896 Tel.
(713) 349-8863 Fax
longlawfirm@gmail.com

By: /s/ *Tara N. Long*
    Tara N. Long
    State Bar No. 24032680
    Attorney for Appellant Marlo D. Persons

# CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of September, 2015, a true and correct copy of this Petition for Discretionary Review of Appellant Marlo D. Persons, was forwarded by first class U.S. Mail to:

Noble Dan Walker, Jr.
District Attorney
Hunt County, Texas

Keli M. Aiken
First Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403

By: /s/ *Tara N. Long*
Tara N. Long
State Bar No. 24032680
Attorney for Appellant Marlo D. Persons

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this petition contains 2,128 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, appendix and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Tara N. Long*

## APPENDIX

A.    June 2, 2015, Judgment of the Sixth Court of Appeals, <u>Marlo D. Persons v.</u>
      <u>The State of Texas</u>, No. 06-14-00109-CR.

B.    June 2, 2015, Opinion of the Sixth Court of Appeals, <u>Marlo D. Persons v.</u>
      <u>The State of Texas</u>, No. 06-14-00109-CR.

# APPENDIX "A"



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00109-CR

MARLO DONTA PERSONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 29371

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Marlo Donta Persons was convicted by a Hunt County jury of possession of a controlled substance, cocaine, in an amount of 400 grams or more while using or exhibiting a deadly weapon and was sentenced to fifty-five years in prison. On appeal, Persons claims that the trial court erred in refusing his request to instruct the jury under Article 38.23(a)[1] of the Texas Code of Criminal Procedure. We find no error by the trial court and affirm its judgment.

## I. Background

Persons was a passenger in an automobile driven by Brian Woodard[2] that was stopped by Texas Department of Public Safety Trooper Zane Rhone on Interstate Highway 30[3] (I-30) near Greenville, Texas. Rhone's testimony involved occurrences in the mid-afternoon of May 11, 2013. At that time, Rhone was seated in his stopped patrol car on the eastbound side of I-30 when he was passed by two "showroom clean" automobiles bearing out-of-state license plates.[4] Rhone followed

---

[1]Article 38.23(a) provides,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

[2]This automobile will be referred to as "the Persons Vehicle."

[3]Rhone identified Interstate Highway 30 as "a major drug corridor."

[4]Rhone explained that people involved in drug trafficking will habitually wash their automobiles in an attempt to prevent alerts by drug-sniffing dogs.

2

the automobiles in order to check the numbers on their license plates to determine if such a search would reveal something amiss with the automobiles. As Rhone approached the automobiles, the Persons Vehicle moved from the left lane to the right lane, behind the other vehicle of interest. Rhone noticed that the Persons Vehicle was following the lead vehicle at an unsafe distance, and Rhone slowed down to pull behind the Persons Vehicle. Rhone testified that after he had pulled over into the lane behind the Persons Vehicle, he observed that the license plate on the Persons Vehicle was also partially obstructed by a bracket or license plate frame. Since following another automobile at an unsafe distance[5] and driving with an obscured license plate[6] are both violations of the Texas Transportation Code, Rhone initiated a traffic stop of the Persons Vehicle. After an initial interview with the driver, Rhone obtained the driver's consent to search the vehicle.[7] During his search, Rhone found a loaded gun in the glove box and a kilo-sized brick of what was later determined to be cocaine in the engine compartment. The State also introduced a redacted video recording of the events leading up to and including the traffic stop taken from Rhone's dash-mounted camera, which was published to the jury.

During cross-examination, Rhone testified that the driver of the Persons Vehicle violated the Texas Transportation Code by operating an automobile with an obscured license plate (one in which the name of the issuing State is more than fifty percent obscured). He said that most of the name of the issuing state (Ohio) on the license plate was covered by the bracket. Mack Woodard,

---

[5]*See* TEX. TRANSP. CODE ANN. § 545.062(a) (West 2011).

[6]*See* TEX. TRANSP. CODE ANN. § 504.945(a)(7)(B) (West Supp. 2014).

[7]Persons does not challenge the consensual nature of the search.

3

the owner of the Persons Vehicle, testified that the automobile dealership that sold him the vehicle had placed the bracket on the license plate and that even with the license plate bracket in place, he was able to see more than fifty percent of the state name Ohio on the license plate. Through Woodard, Persons also introduced photographs of the license plate and bracket on the Persons Vehicle taken from different angles, some of which tended to show that more than fifty percent of the state name Ohio might be visible from those angles. When Persons recalled Rhone, he again questioned him extensively about his ability to see the state name on the license plate. Rhone repeated his assertion that when he pulled his patrol car behind the Persons Vehicle, he could not read Ohio on the license plate. Rhone also testified that the recording shows that the Persons Vehicle was following the car in front of it too closely and that the jury would be able to see that on the video recording. Persons did not call any witness to dispute Rhone's testimony that the Persons Vehicle was following the lead vehicle at an unsafe distance.

At the charge conference, although Persons requested the inclusion of an Article 38.23(a) instruction permitting the jury to disregard evidence if it believed that the evidence had been wrongfully obtained, the trial court rejected that instruction

## II.     Persons Was Not Entitled to an Article 38.23(a) Instruction

Persons' sole point of error on appeal is his contention that the trial court erred in failing to give an Article 38.23(a) instruction. Both the United States and Texas Constitutions are implicated by a routine traffic stop, and under both, the stop must be reasonable. *Berkemer v. McCarty*, 468 U.S. 420 (1984); *Earl v. State*, 362 S.W.3d 801, 802 n.2 (Tex. App.—Texarkana 2012, pet. ref'd); *see* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. To conduct a constitutionally

4

valid traffic stop, an officer must have a reasonable suspicion based on "'specific[,] articulable facts that, when combined with rational inferences from those facts, would lead [the officer] to reasonably suspect that [the person stopped] has engaged or is (or soon will be) engaging in criminal activity.'" *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011)); *Zervos v. State*, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref'd). Since the reasonable suspicion standard is an objective standard, the subjective intent of the officer making the stop is irrelevant. *Hamal*, 390 S.W.3d at 306; *York v. State*, 342 S.W.3d 528, 536 (Tex. Crim. App. 2011). "If an officer has a *reasonable basis* for suspecting that a person has committed a traffic offense, the officer may legally initiate a traffic stop." *Zervos*, 15 S.W.3d at 151 (emphasis in original); *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd).

If a fact issue has been raised about whether the traffic stop violated the Constitution or laws of either the United States or Texas, the trial court should submit a jury instruction to disregard evidence the jury finds was obtained in violation the Constitution or laws of the United States or Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *Hamal*, 390 S.W.3d at 306. However, an Article 38.23(a) instruction is "mandatory only when there is a factual dispute regarding the legality of the search." *Williams v. State*, 356 S.W.3d 508, 525 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005)). To be entitled to an instruction under Article 38.23(a), the following factors must be shown to exist:

(1)     The evidence heard by the jury must raise an issue of fact;

(2)     The evidence on that fact must be affirmatively contested; and

(3)     That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

*Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007); *Williams*, 356 S.W.3d at 526. However, if there are facts not in dispute that are sufficient to support the legality of the challenged conduct, "the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence." *Madden*, 242 S.W.3d at 510. Thus, when an officer articulates more than one reason for a traffic stop, the defendant must show that there is a disputed factual issue as to each reason to be entitled to an Article 38.23(a) instruction. *See, e.g., Gerron v. State*, 119 S.W.3d 371, 376–77 (Tex. App.—Waco 2003, no pet.) (when officer testified he saw defendant commit at least three traffic violations but defendant only disputed one, defendant not entitled to Article 38.23(a) jury instruction); *Reynosa v. State*, 996 S.W.2d 238, 240 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (same).

Persons argues that there is a factual dispute as to both the obstructed license plate and following at an unsafe distance. Regarding the issue of following at an unsafe distance, Persons argues that when he played the video recording during his cross-examination of Rhone, this fact alone was a sufficient challenge to that fact so as to raise a fact issue. In other words, Persons maintains that because the jury was able to see the recording, which showed the position of the two automobiles, the jury was able to determine whether Rhone's testimony was correct. This, Persons posits, provided the basis for the requested jury instruction. In *Madden*, the appellant also contended that the video recording from the officer's dash-mounted camera (a recording that

6

Madden claimed contradicted the officer's testimony that Madden was acting in a nervous manner) was "affirmative evidence" that raised a fact issue. *Madden*, 242 S.W.3d at 515–16. The Texas Court of Criminal Appeals pointed out that "[o]nly if the video clearly showed that appellant affirmatively did not do something that [the officer] said that he did do, and the video clearly would have shown that conduct if it had occurred, would there be some affirmative evidence of a disputed historical fact." *Id.* at 516. At the trial below, Rhone testified that the two vehicles were travelling at a speed of seventy miles per hour and that a safe following distance at that speed would be at least 150 feet. He also testified that the Persons Vehicle was following the lead vehicle at a distance of thirty to forty feet. The trial court found that the video recording confirmed Rhone's trial testimony that he stopped the Persons Vehicle for following the vehicle in front of it too closely.

We have viewed the video recording and have listened to its audio. It shows the Persons vehicle following at a distance significantly less than 150 feet; the recording reflects that Rhone stated, as he activated his emergency lights, his intention to perform a traffic stop for following too closely and due to an obstructed license plate. We agree with the trial court that the video recording supports Rhone's trial testimony and that it raises no contested fact issue.

Since Rhone's stop of the Persons Vehicle for following at an unsafe distance is not in dispute and since this would support the legality of the traffic stop, Persons was not entitled to an Article 38.23(a) instruction. We find that the trial court did not err, and we overrule Persons' point of error.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     May 27, 2015
Date Decided:       June 2, 2015

Do Not Publish

8